### NEWELL *v.* HUTCHINSON.

PRACTICE.—*Trial.*—*Disagreement of Jury.*—Where the jury trying a cause have difficulty in agreeing upon a verdict, and report such fact to the court trying such cause, the court has no right to ask of such jury, nor the jury to inform such court, as to how much they lack of agreeing.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn*, for appellant.

*J. M. Vanfleet*, for appellee.

BIDDLE, J.—This action was originally brought before

a justice of the peace, by Hutchinson, against Newell, to recover for a "machine harvester," sold and delivered, with some other items, as freight, storage, etc. The case came into the circuit court by way of appeal, wherein it was tried by a jury, and a verdict rendered for the appellee. After the jury had retired to consider of their verdict, and had been out about fifteen hours, they came into court "and by their foreman reported to the court that they could not agree;" and the court thereupon said to the foreman, "what is the trouble, how much do you lack of agreeing?" and the said foreman, in reply thereto, said, "about twelve dollars." And thereupon the court said to the jury, "you had better go back to your room and see if you can't agree; there being no more difference between you than that, you ought to agree. It would be better for both parties that you should overcome that difference, rather than have another trial in this cause." To this action of the court the appellant excepted.

This conversation by the court with the jury is not an instruction of law; it is rather a direction as to fact, over which the court had no authority. While much must be left to the presiding judge, in directing the practical affairs of a court, we think the action of the judge in this case exceeded a safe discretion. It was the court's duty to instruct the jury as to the law of the case, and the duty of the jury, independent of the court, to ascertain the facts proved, and render their verdict according to the law as given them by the court, and according to the facts as proved by the evidence. Neither questions of expediency nor policy have any thing to do with the administration of justice. The court should not have inquired of the jury what the difference between them was, and the jury should not have answered the question. The powers and duties of the court, and the powers and duties of the jury, must be kept separate and independent of each other. This is the ground-base of our system of jurisprudence, and must not be invaded. The answer of

the jury to the court plainly indicated that the verdict' would be for the plaintiff, and we very much fear that the remarks of the court encouraged them in that view. The verdict may be perfectly right, and the remarks of the court perfectly just; as to these questions we are not inquiring, yet, in our opinion, such a practice is unwarranted by the law, and, if sustained, would inevitably lead to gross abuses.

The judgment is reversed, with costs, and cause remanded with instructions to sustain the motion for a new trial, and for further proceedings.